COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


THOMAS ECKLEY

MEMORANDUM OPINION*

v.    Record No. 1863-99-1                    PER CURIAM
                                           FEBRUARY 8, 2000
CITY OF VIRGINIA BEACH
 DEPARTMENT OF SOCIAL SERVICES


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

            (Curtis T. Brown; Law Offices of Curtis T.
            Brown, on brief), for appellant.

            (Leslie L. Lilley, City Attorney; Nianza E.
            Wallace II, Assistant City Attorney, on
            brief), for appellee.


     Thomas Eckley appeals from the decision terminating his

parental rights to his daughter.  He contends that his parental

rights could not be terminated because (1) his daughter was not in

his legal or physical custody at the time she was taken into the

custody of the Department of Social Services, (2) the trial judge

relied on evidence of the mother's unfitness to terminate his

parental rights, and (3) the Department failed to provide services

to him as required by Code § 16.1-283(B).  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial [judge] is the child's best interests." Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).  "'In matters of a child's welfare, trial [judges] are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).  The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. (citation omitted).

The trial judge ruled that the City of Virginia Beach presented sufficient evidence to terminate Eckley's parental rights under Code § 16.1-283(B).  That section provides as follows:

-

The residual parental rights of a parent or parents of a child found by the court to be neglected or abused and placed in foster care as a result of (i) court commitment, (ii) an entrustment agreement entered into by the parent or parents or (iii) other voluntary relinquishment by the parent or parents may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:

1.  The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

2.  It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.  In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

Prima facie evidence of the conditions set out in subsection

(B)(2) include proof that

b.  The parent or parents have habitually abused or are addicted to intoxicating liquors, narcotics or other dangerous drugs to the extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment which could have improved the capacity for adequate parental functioning; or

c.  The parent or parents, without good cause, have not responded to or followed through with appropriate, available and

-

                    reasonable rehabilitative efforts on the
                    part of social, medical, mental health or
                    other rehabilitative agencies designed to
                    reduce, eliminate or prevent the neglect or
                    abuse of the child.

Code § 16.1-283(B)(2).

### Father Did Not Have Custody

Eckley contends that his parental rights could not be terminated by the trial judge because he did not have either physical or legal custody of his daughter when the Department obtained her custody. This contention is without merit. Code § 16.1-283(B) did not expressly impose any jurisdictional or evidentiary requirement that Eckley have custody of the child when foster care began. The statute required the City to present evidence concerning the problems which led to the child's placement in foster care, whether those problems were remedied, and whether the child could be returned safely to the custody of either parent. Therefore, Eckley's argument that his parental rights could not be terminated because he did not have custody when his daughter was placed into foster care is without merit.

### Mother's Failure to Regain Custody

Eckley contends that the trial judge improperly imputed to him the mother's failure to prove her fitness as a parent. Although Eckley's brief includes citations to the record where this issue purportedly was raised and preserved, we find no indication in the record that he raised this issue in the trial court. "The Court of Appeals will not consider an argument on

-

appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.  Therefore, we will not consider this argument.

Failure to Provide Services

Eckley also contends that the City failed to prove that the Department provided him with appropriate services to address his underlying problem of alcohol, as required by Code § 16.1-283(B).  We disagree.

Sharon Rosenbaum testified that she was involved with the Eckley family for a year beginning in March 1995 and that the family did not cooperate with her efforts.  The Department was involved again with Eckley, his wife, and daughter in February 1997 because of incidents of Eckley's domestic violence and the parents' alcohol abuse.  In March 1997, a judge of the juvenile and domestic relations district court ordered Eckley to attend the Comprehensive Substance Abuse Program, participate in any treatment recommended by Alcoholics Anonymous, attend a parenting class, and cooperate with the Department and the Court Appointed Special Advocate.  The judge later ordered Eckley to attend an anger management class, and to undergo psychological, psychosocial and psychosexual evaluations.  When the Department obtained custody of the daughter in October 1997, Eckley was barred from contact with his wife and daughter by a protective order because he had assaulted his wife.

Nina Musselman testified that Eckley minimally complied with some of the requirements of the court order. He completed only one of two psychological evaluation sessions and failed to complete the other ordered evaluations. Musselman testified that the Department did not provide Eckley with other evaluations and services because "[w]e were trying to get through the first treatment program and evaluations to see what exactly . . . Eckley needed." Although Eckley attended visitation with his daughter when he was not working or incarcerated, he left several visitations early because he was angry. The City also introduced evidence that Eckley was convicted in June 1999 on another charge of assault arising from an incident in February 1999.

At the hearing, Eckley admitted that he was an alcoholic. He testified that he completed the substance abuse program and an anger management class but did not get certificates because he did not pay all the fees. He testified that he did not complete the psychological testing because he had to work and could never arrange another appointment. He also testified that the most recent assault charge arose when he and his girlfriend were drinking, his girlfriend said something about his daughter, and he "just snapped." Although Eckley failed to cooperate with the Department, he testified that in the future he would "get . . . straight" and "get everything [he] needed to do" once he was released from prison. On cross-examination, Eckley admitted that

-

he would continue to allow his daughter to see his wife even if his wife's parental rights were terminated.

This evidence supports the trial judge's findings that the City presented clear and convincing evidence that it was in the daughter's best interests to terminate Eckley's parental rights and that it was not reasonably likely the conditions which led to her foster care placement could be substantially corrected or eliminated to allow her return within a reasonable time. The evidence also supports the trial judge's finding that Eckley habitually abused alcohol to the extent that proper parenting was seriously impaired and that he failed to follow through with recommended treatment.

Accordingly, we summarily affirm the decision of the circuit court.

<u>Affirmed.</u>

-